STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, ss.                           CIVIL ACTION
                                        DOCKET NO. AP-06-44
                                        DH M —KEN- 11/30/2006

ANDREW S. NICHOLSON, M.D.,

        Petitioner

        v.                              DECISION AND ORDER
                                        DONALD L. GARBRECHT
STATE OF MAINE                          LAW LIBRARY
BOARD OF LICENSURE IN MEDICINE,
                                        JAN 16 2007

        Respondent


        This matter came before the court on Respondent State of Maine Board of

Licensure in Medicine's motion to dismiss. For the following reasons, the court

GRANTS the motion.

        Andrew S. Nicholson, M.D. ("Nicholson") petitioned this court to review the

State of Maine Board of Licensure of Medicine's ("Board") decision not to lift

restrictions contained in a Consent Agreement entered into by the two parties in

January 2003.

        The Board first licensed Nicholson as a medical doctor in December 2000. He

specialized in family practice and was certified by the American Board of Family

Medicine in "Family Practice." On July 16, 2002, Nicholson reported to the Board that

he had been arrested by federal authorities for ordering child pornography from a sting

website operated by the United States Postal Service. On August 1, 2002, the Board

received information from Penobscot Bay Medical Center that indicated that Nicholson

had voluntarily surrendered his medical privileges at that facility and taken a leave

from his family medical practice. In October 2002, the Board issued a complaint against

Nicholson's medical license, alleging incompetence based upon "conduct that evidences

a lack of ability or fitness to discharge the duty owed by the licensee to a client or patient or the general public." 32 M.R.S.A. § 3282-A 2(E)(1).

On January 29, 2003, Nicholson voluntarily entered into a Consent Agreement with the Board, pursuant to 10 M.R.S.A. § 8003(5)(B) and 32 M.R.S.A. § 3282-A, in lieu of proceeding to an adjudicatory hearing regarding the complaint. Pursuant to the Consent Agreement, Nicholson agreed to be on probation, to restrict his practice of medicine to adults over 18 years of age, and to undergo a yearly psychological evaluation. On July 13, 2004, the Board reviewed Nicholson's psychological evaluations, along with other information, and voted to continue under the current consent agreement with another evaluation in one year. On May 10, 2005, the Board reviewed Nicholson's psychological evaluation, along with other information, and again voted to continue with the terms of the consent agreement.

On March 31, 2006, the Board received a written request from Nicholson for reinstatement of a full and unrestricted medical license. On June 13, 2006, the Board voted and denied Nicholson's request to lift the restrictions imposed upon his license pursuant to the Consent Agreement. On July 13, 2006, Nicholson filed this petition for review of agency action pursuant to M.R.C.P. 80(C). Nicholson asks this court to either rescind the Consent Agreement for violating 32 M.R.S.A. § 3282-A 1(A), direct the Board to lift the restrictions contained in the Consent Agreement, or direct the Board to provide a full adjudicatory hearing on his request.

Nicholson asserts that the Consent Agreement that he entered into is defective because it fails to fix the period of his probation as statutorily required by 32 M.R.S.A.

§ 3282-A 1(A).[1] Nicholson argues that because the Consent Agreement has failed to fix the period of probation, the Board has, in effect, placed him on indefinite probation and permanently restricted his medical license. Nicholson asserts that this was not the intent of the parties, rather, the Consent Agreement was intended to give the Board sufficient time to evaluate his treatment progress and that upon evidence of rehabilitation, the restrictions on his medical license would be lifted. Nicholson believes that his psychological evaluations have, from the beginning, shown that he is not a danger to children. Therefore, according to Nicholson, the Board, in continually voting down his request to lift the restrictions on his license, is acting contrary to the intent of the Consent Agreement and depriving him of the opportunity to be re-certified in his medical specialty (Family Practice).

The Board's motion to dismiss is based on its belief that the Consent Agreement, according to 10 M.R.S.A. § 8003(5)(B), "is not subject to review or appeal." In addition, the Board asserts, the express language of the Consent Agreement did not give Nicholson the right to a hearing on whether or not the terms of the agreement should be modified and left the decision to modify to the "sole discretion" of the Board. Therefore, according to the Board, Nicholson, by agreeing to forego an adjudicatory hearing in lieu of agreeing to be bound by the terms of the Consent Agreement, has waived his right to appeal its terms and conditions.

The express language of 32 M.R.S.A. § 3282-A 1(A) clearly states that "the board may enter into a consent agreement that *fixes the period* and terms of probation." The Board asks the court to focus on the language "the board *may* enter into a consent agreement," and declare that this language has *two* distinct interpretations: (1) that the

---

[1] "With the consent of the licensee, the board may enter into a consent agreement that fixes the period and terms of probation best adapted to protect the public health and safety and rehabilitate or educate the licensee."

Board, in its discretion, can enter into consent agreements that fix the period and terms of probation, and (2) that the Board can also, by negative implication, enter into consent agreements that *do not* fix the period or terms of probation. The court cannot accept the Board's second interpretation. The clear intent of this statutory language is that *if* the Board chooses to order probation in a consent agreement, then by doing so, it *must* fix the period and terms of probation. Accordingly, because the Consent Agreement entered into by the Board and Nicholson fixes a one-year of probation, the court finds that Nicholson's term of probation is completed.[2]

Nevertheless, Nicholson's primary motivation in filing this appeal is to have the Board lift the restriction upon his license that limits his practice of medicine to adults over 18 years of age. Nicholson argues that this restriction is contained in the Consent Agreement as a condition of probation, the completion of which entitles him to the lifting of the restriction. However, the Board argues that this restriction is separate and distinct from probation and that it has authority to impose such restrictions without a time limit.

The Board cites to 32 M.R.S.A. § 3282-A (2) ("The following are grounds for an action [by the Board of Licensure in Medicine] to . . . modify, restrict, suspend, revoke . . . the license of an individual licensed under this chapter") and 10 M.R.S.A. § 8003(5)(B) ("Any remedy, penalty or fine that is otherwise available by law . . . may be achieved by consent agreement, including long-term suspension and permanent revocation of a professional or occupational license") as authority for its right to restrict

---

[2] In order for the Consent Agreement to comply with the statute, the court reads the language stating "Licensee will be on probation and the Board will order a reevaluation of the Licensee after one year from the effective date of this Agreement," to mean that Nicholson's period of probation was for a term of one year.

Nicholson's license without a time limit and without the restriction being a condition of probation.[3]

Nicholson wishes to have the court parse the language of the Consent Agreement and declare that the restriction on his medical license is incorporated into the terms of probation and not a separate negotiated restriction that allowed him to keep his license with the understanding that he limit his practice to adults. As noted above, the Board clearly has authority under the aforementioned statutes to both restrict licenses and put licensees on probation. Therefore, the court reads the disciplinary measures under the heading "AGREEMENT" in the Consent Agreement as separate and distinct. The court notes that the *restriction* in the Consent Agreement is listed first and separately from any other disciplinary measures in the agreement and as such should be upheld on its own.

One of the functions of a Board is to provide oversight of terms of probation contained in Consent Agreements in order to monitor and evaluate the rehabilitative effects of the denominated terms and conditions on the licensee and how these efforts protect the health and safety of the public. The character of a restriction on a license differs markedly from a term or condition of probation in that the Board has nothing to monitor under a restriction. Therefore, the court reads subpart two under "AGREEMENT" as containing the terms and conditions of *probation* (participate in ongoing therapy with reports provided to the Board) because it envisions an oversight role by the Board. It is these terms and conditions of probation that the Board wished to monitor in order to assure itself that Nicholson was fit to continue practicing medicine.

---

[3] In addition, the court notes that 5 M.R.S.A. § 5302 grants licensing agencies the authority to "suspend, revoke or take other disciplinary action against any occupational license . . . on the basis of the criminal history record" relating to convictions in § 5301(2)(C) ("Convictions for which no incarceration can be imposed and which directly relate to the trade or occupation for which the license or permit is sought"). Nicholson apparently made a plea arrangement regarding his arrest for ordering child pornography whereby he pled guilty to Possession of Sexually-Explicit Materials, a Class D Misdemeanor.

Finally, there is evidence in the record that Nicholson did not anticipate that the restriction on his license would cause him to lose his specialty certification in Family Medicine. Nicholson Aff. ¶ 15 ("Unfortunately, when I entered into the Consent Agreement, I did not anticipate that the age restriction would cause the American Board of Family Medicine to rescind my diplomate status."). A fair reading of the evidence supports the conclusion that Nicholson was facing the possibility of losing his license due to his possession of child pornography and, faced with this prospect, he offered to restrict his practice to adults in order to reassure the Board that he could still be an effective medical practitioner to that population of patients.[4] The evidence does not support the conclusion that either the Board or Nicholson believed that this restriction was in any way temporary or linked to the terms of his probation until after Nicholson learned he was losing his specialty status. The fact that Nicholson was unaware of all of the consequences of his entering into the Consent Agreement does not make the restriction conditional on this knowledge. As per the terms of the Consent Agreement, the Board has the sole discretion to modify, continue, or terminate the restriction and the court declines to disturb this authority.

The entry will be:

It is hereby ORDERED that the State of Maine Board of Licensure in Medicine's Motion to Dismiss is GRANTED, according to the terms of this Order.

DATED: November 3•, 2006

Donald H. Marden
Justice, Superior Court

---

[4] Significantly, Nicholson's November 13, 2002 letter to the Board (*prior* to entering into the Consent Agreement) states on pages 2-3 "He further realizes that any practice of medicine cannot involve children or even a family practice." Resp. M. to Dismiss, Ex. B. In addition, Nicholson notes he is seeking employment at a VA Hospital, and if that employment falls through "it is respectfully submitted that Dr. Nicholson should be allowed to seek a similar type of employment—*i.e.*, treating an adult-only population, with no contact with children." *Id.*

Date Filed __7/13/06__ _____Kennebec_____ Docket No. __AP06-44__

County

Action __Petition for Review__

__Andrew S. Nicholson, M.D.__ vs. __The Maine Board of Licensure in Medicine__

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Bruce M. Merrill, Esq.<br>225 Commercial Street, Suite 501<br>Portland, maine 04101 | Dennis Smith  AAG<br>Office of Attorney General<br>6 SHS<br>Augusta, ME  04333-0006 |

| Date of Entry | |
|---|---|
| 7/13/06 | Petition for Review of Final Agency Action with Incorporated Memorandum of Law, filed. s/Merrill, Esq.<br>Declaration of Bruce M. Merrill in Support of Petitioner's Rule 80C Petition (filed under seal)<br>Motion to File Certain Documents Under Seal in Connection with Petitioner's Rule 80C Petition, filed. s/Merrill, Esq. |
| 07-20-06 | Received and filed 07-19-06 by AAG Dennis Smith on behalf of Respondent the Respondent's Appearance and Statement of Position pursuant to 5 M.R.S.A §1105; Respondent's Motion to Dismiss with exhibits and a draft"Order" for the Court; and Respondent's Motion for Enlargement of Time to File Agency Record (to which Bruce Merrisll, Esq. does NOT object) and a draft "Order" for the Court. |
| 8/7/06 | ORDER ON RESPONDENT'S MOTION TO ENLARGE TIME FOR FILING OF AGENCY RECORD, Studstrup, J.<br>Copies mailed to attys of record. |
| 8/9/06 | Petitioner's Reply in Opposition to Respondent's Motion to Dismiss his Rule 80C Petition in this Matter, filed. s/Merrill, Esq. |
| 8/14/06 | Reply to Petitioner's Opposition to Respondent's Motion to Dismiss, filed. s/Smith, AAG |
| 11/22/06 | Hearing held with the Hon. Justice Donald Marden, presiding. Tape #732 Index 1902-4030<br>Bruce Merrill, Esq. for the Petitioner and Dennis Smith, AAG for the Respondent.<br>Oral arguments made to the court. Court to take matter under advisement. |
| 12/1/06 | DECISION AND ORDER, Studstrup, J.<br>It is hereby ORDERED that the State of Maine Board of Licensure in Medicine Motion to Dismiss is GRANTED, according to the terms of this Order.<br>Copies mailed to attys of record.<br>Copies mailed to Deborah Firestone, Garbrecht Library and Goss. |